UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
GREGORY FOUCH,                     )
                                   )
            Plaintiff,             )
                                   ) Case No. 1:12-CV-1291 (EGS)
        v.                         )
                                   )
DISTRICT OF COLUMBIA, et al.,      )
                                   )
            Defendant.             )
_____)

**MEMORANDUM OPINION**

Pending before the Court are defendants' Motion to Partially Dismiss the Amended Complaint and Motion to Remand. The Defendants argue, *inter alia*, that plaintiff's two federal law claims should be dismissed, and that any remaining claims should be remanded to the Superior Court of the District of Columbia. Upon consideration of the motions, the responses and replies thereto, the relevant case law, and the entire record, the Motion to Partially Dismiss is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE** in part. Specifically, the Court will grant the motion insofar as it requests dismissal of plaintiff's two federal law claims (Counts II and VI of the Amended Complaint). The Motion to Remand is **GRANTED,** and the Court will **REMAND** the remaining claims to the Superior Court.

I.   BACKGROUND

Plaintiff Gregory Fouch is a resident of Maryland. Am. Compl., [Dkt. #17], ¶ 3. In December 2011, Mr. Fouch was charged with one misdemeanor count of threats in the District of Columbia. *Id.* ¶ 7. On January 5, 2012, plaintiff went to the D.C. Metropolitan Police Department ("MPD")'s Central Booking Division to voluntarily turn himself in to be processed. *Id.* ¶ 10. At the station, Mr. Fouch was advised that he would be taken to an alternative location for processing. *Id.* ¶ 11. Defendant Albert Scott, an MPD officer, handcuffed plaintiff behind his back and placed him in a police carrier van, which did not contain seatbelts or restraints. *Id.* ¶¶ 11-12. When defendant Scott began driving the van, another police vehicle, driven by Officer Robert Sharpe, backed out of a parking space directly in front of the van driven by defendant Scott. *Id.* ¶¶ 18-19. Defendant Scott stopped the van abruptly to avoid the other vehicle and Mr. Fouch was thrown off the seat of the van. *Id.* ¶¶ 20-21. Defendant Scott exited the van, picked up Mr. Fouch, and sat him back on the seat. *Id.* ¶ 22. At that time, defendant Scott noticed blood coming from plaintiff's ear. *Id.* Plaintiff was then taken to Howard University Hospital. *Id.* ¶ 23. Mr. Fouch suffered severe injuries from the incident, including fractured cervical discs, a spinal cord injury, and partial paralysis. *Id.* ¶ 25.

Plaintiff initially brought this action in the Superior Court of the District of Columbia on June 21, 2012, alleging various claims arising under state and federal law against the District of Columbia, Officer Scott, and Officer Sharpe. Compl., [Dkt. #1-1]. On August 3, 2012, the District removed this matter to federal court on the basis of federal question jurisdiction. Notice of Removal of Action, [Dkt. #1]. Defendants subsequently moved to partially dismiss plaintiff's complaint, Defs.' Mot. to Dismiss I, [Dkt. #8], and on June 19, 2013, a motions hearing was held before this Court.

On July 3, 2013, plaintiff filed a first amended complaint, in which he dismissed Officer Sharpe as a defendant in this matter. Am. Compl., [Dkt. #17]. Pending before the Court is defendants' motion for partial dismissal of plaintiff's amended complaint, including plaintiff's federal law claims, for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Defs.' Mot. to Dismiss II, [Dkt. #18]. The defendants have also filed a Motion to Remand, arguing that in the event plaintiff's federal law claims are dismissed, the case be remanded to the Superior Court of the District of Columbia. *See* Defs.' Supplemental Mot. to Remand, [Dkt. #14]; Pl.'s Resp. to Defs.' Supplemental Mot. to Remand, [Dkt. #16]. The motions are ripe for review.

## II. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). While detailed factual allegations are not necessary, plaintiff must plead enough facts "to raise a right to relief above the speculative level." *Id.*

When ruling on a Rule 12(b)(6) motion, the Court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002). The Court must construe the complaint liberally in plaintiff's favor and grant plaintiff the benefit of all reasonable inferences deriving from the complaint. *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). However, the Court must not accept plaintiff's inferences that are "unsupported by the facts set out in the complaint." *Id.* "[O]nly a complaint

that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**III. DISCUSSION**

    **A.    Count II: Substantive Due Process Violation Claim**

In Count II, plaintiff alleges that the District and Officer Scott violated his constitutional rights under the Fifth Amendment[1] "to be free from custody and confinement which create an unreasonable danger to his health and safety." Am. Compl., [Dkt. #17], ¶ 37. Plaintiff alleges that by handcuffing him behind his back and then transporting him in a vehicle without seatbelts or harnesses when other vehicles with seatbelts were available, Officer Scott "acted intentionally and/or with deliberate indifference to and reckless disregard of, Plaintiff's civil rights and his health and safety." *Id.* ¶ 40. Moreover, plaintiff seeks to hold the District responsible for Officer Scott's acts under the *respondeat superior* theory. *Id.* ¶ 44. However, as defendants point out in their partial motion to dismiss, a municipality cannot be held liable, under the doctrine of respondeat superior, for constitutional violations

---

[1] Plaintiff also alleges that defendants violated his Fourteenth Amendment rights. Am. Compl., [Dkt. #17], ¶ 42. "The Fourteenth Amendment is not applicable to the District of Columbia. However, concepts of equal protection are inherent in the due process of law guaranteed to citizens of the District by the Fifth Amendment." *Bulluck v. Washington*, 468 F.2d 1096, 1100 n.9 (D.C. Cir. 1972) (citing *Bolling v. Sharpe*, 347 U.S. 497, 499 (1953)).

5

committed by its employees.  *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Triplett v. Dist. of Columbia*, 108 F.3d 1450, 1453 (D.C. Cir. 1997).  Because plaintiff's claim against the District fails as a matter of law, the Court will **DISMISS** Count II of plaintiff's amended complaint against the District.

The standard for plaintiff's substantive due process violation claim, because he was in custody of the District when the events in the amended complaint occurred, is whether the state actor was deliberately indifferent to plaintiff's safety and well-being.  *See Butera v. Dist. of Columbia*, 235 F.3d 637, 651-52 (D.C. Cir. 2001).  To state a claim for deliberate indifference, plaintiff must allege: (1) that the challenged condition of confinement posed "a substantial risk of serious harm," and (2) that defendant Scott's state of mind was one of "deliberate indifference" to plaintiff's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1995); *see also Cottrell v. Caldwell*, 85 F.3d 1480 (11th Cir. 1996).

The use of the term deliberate "arguably requires . . . an act (or omission) of indifference to a serious risk that is voluntary, not accidental."  *Farmer*, 511 U.S. at 840.  Thus, there can be no liability "unless the official knows of and disregards an excessive risk to [an arrestee's] health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm

6

exists, and he must also draw the inference." *Id.* at 837. There is no liability for "an official's failure to alleviate a significant risk that he should have perceived but did not." *Id.* at 838. Moreover, "[i]nadvertent errors . . . [or] even negligence in the performance of official duties, do not warrant redress" under the substantive due process clause. *Silverman v. Barry*, 845 F.2d 1072, 1080 (D.C. Cir. 1988); *see also Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("the Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process.")

Plaintiff's main argument is that Officer Scott's decision to transport him in a vehicle not equipped with seatbelts or safety restraints constituted deliberate indifference to plaintiff's safety in violation of the Fifth Amendment. Plaintiff alleges that by being handcuffed behind his back and placed in a vehicle without seatbelts, he was in a "very vulnerable situation and could not protect himself in the event of a foreseeable automobile accident." Am. Compl., [Dkt. #17], ¶ 13. Plaintiff further alleges that Officer Scott deliberately chose to handcuff plaintiff behind his back rather than in the front, and deliberately chose to place plaintiff in a vehicle without seatbelts when other vehicles with seatbelts were available. *Id.* ¶¶ 12-13. These allegations, however, do not

7

support the claim that Officer Scott acted with deliberate indifference to the threat of injury to plaintiff. Plaintiff does not allege facts that plausibly support the inference that Officer Scott knew or should have known there was a substantial risk of serious harm to plaintiff when placing plaintiff in a police vehicle for transportation to be processed, nor does plaintiff allege that Officer Scott deliberately disregarded such a risk.

The D.C. Circuit has not yet addressed whether transporting handcuffed arrestees in vehicles that are not equipped with seatbelts or restraints may rise to the level of a substantive due process violation. However, at least three other circuits have found that transporting handcuffed persons in police custody in a vehicle without seatbelts does not constitute deliberate indifference. *Jabbar v. Fischer*, 683 F.3d 54, 58 (2d Cir. 2012) (concluding that allegation of "absence of seatbelts on inmate bus transport," without more, does not constitute deliberate indifference in violation of Eighth or Fourteenth Amendment); *Wright v. Shawnee Twp.*, No. 98-3558, 2000 U.S. App. LEXIS 1395, at *2 (6th Cir. Jan. 28, 2000) (finding no constitutional violation when police officer failed to observe traffic laws while transporting handcuffed arrestee and police car door opened unexpectedly, causing arrestee to fall out and sustain injuries); *Spencer v. Knapheide Truck Equip. Co.*, 183

F.3d 902, 906 (8th Cir. 1999) (finding no constitutional violation when handcuffed arrestee had trouble maintaining balance while being transported in vehicle without seatbelts and was thrown forward with enough force to render him quadriplegic).[2]

In his opposition to defendants' motion to dismiss, plaintiff argues that the Court should instead look to two cases from the Fifth Circuit and the Eighth Circuit, in which the courts concluded that the allegations of failure to provide seatbelts and reckless driving were sufficient to proceed to the next stage in the litigation. Pl.'s Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Opp'n"), [Dkt. #21], 14, 17. As an initial matter, it is worth noting that both cases involve Eighth Amendment claims brought by prison inmates. *See Rogers v. Boatright*, 709 F.3d 403 (5th Cir. 2013); *Brown v. Fornter*, 518 F.3d 552 (8th Cir. 2008). More important, plaintiffs in both

---

[2] Defendants cite two additional cases from the Tenth Circuit and the Eleventh Circuit to support the argument that failure to provide seatbelts does not constitute deliberate indifference. Defs.' Mot. to Dismiss II, [Dkt. #18], at 7-8, *citing Smith v. Sec'y for Dep't of Corrs.*, 252 F. App'x 301 (11th Cir. 2007) (per curiam); *Dexter v. Ford Motor Co.*, 92 F. App'x 637 (10th Cir. 2004). These cases involve Eighth Amendment claims brought by prison inmates, as opposed to substantive due process claims brought by handcuffed arrestees. However, the courts rely on the same test: whether plaintiff alleged the prison officials were deliberately indifferent to a substantial risk of serious harm. *Smith*, 252 F. App'x at 303-304; *Dexter*, 92 F. App'x at 639-40. Accordingly, these cases provide further support for defendants' Motion to Dismiss Count II of the Amended Complaint.

cases alleged more than just the official's failure to provide seatbelts. For example, the plaintiff in *Rogers* alleged that the official recklessly operated the vehicle, by "darting in and out of traffic at high speeds" and at one point having to "brake hard to avoid hitting a vehicle in front of him." *Rogers*, 709 F.3d at 406. Additionally, the *Rogers* plaintiff alleged that the official had knowledge of the potential danger to plaintiff, which he alleged could be inferred from the official's prior statement that he knew incidents involving injuries to handcuffed inmates while being transported in vehicles without seatbelts "happen[] all the time, [it] isn't a big deal." *Id.* at 409. The Fifth Circuit concluded that based on these allegations, plaintiff's complaint should not have been dismissed *sua sponte* by the district court. *Id.* Similarly, the plaintiff in *Brown* alleged that seatbelts were available in the vehicle he was being transported in, but claimed that the officers refused his request to fasten the seatbelt and taunted him in response. *Brown*, 518 F.3d at 557. He also alleged that the officer "traveled in excess of the speed limit (55 miles per hour), going up to 75 miles per hour," and ignored inmates' repeated requests to slow down before the vehicle collided into another vehicle, causing plaintiff's injuries. *Id.* Moreover, the police investigation of the collision listed the officer's inattentive driving as the cause of the accident. *Id.* The

Eighth Circuit concluded that the district court should not have dismissed the plaintiff's complaint at the summary judgment stage because there was sufficient evidence that one of the defendant officer's actions may have violated the plaintiff's Eighth Amendment right. *Id.* at 560.

Plaintiff argues that because of his additional allegations that Officer Scott "acted recklessly, negligently, grossly negligent, and with wanton and conscious of the rights of Plaintiff," the present case is more analogous to *Rogers* and *Brown*. Pl.'s Opp'n, [Dkt. #21], at 17. However, in contrast to the *Rogers* and *Brown* cases in which there were additional factual allegations to support the claim of the officers' recklessness, the allegations contained in plaintiff's amended complaint are legal conclusions, which the Court need not accept as true unless accompanied by sufficient factual matter to state a plausible claim to relief. *Iqbal*, 556 U.S. at 678.[3] Because

---

[3] In his opposition to defendant's motion to dismiss, plaintiff argues that defendants' motion turns on questions of fact and, therefore, should be converted into a motion for summary judgment and denied as premature, so that discovery may go forward. Pl.'s Opp'n [Dkt. # 21] at 4-6. Specifically, plaintiff claims that there is a factual dispute over whether Officer Scott acted with an intent to punish or injure plaintiff. Plaintiff argues that he has alleged as much, and that accordingly, his Amended Complaint must survive the motion to dismiss. While plaintiff alleges that Officer Scott "acted intentionally and/or with deliberate indifference to . . . Plaintiff's civil rights and his health and safety," Am. Compl. ¶ 40, this does not create a factual dispute. Rather, these are legal conclusions, which the Court need not accept as true

11

plaintiff fails to allege facts to support his legal conclusion that Officer Scott acted recklessly or with deliberate indifference, the Court finds that the present case is distinguishable from *Rogers* and *Brown*.

While sympathizing with Mr. Fouch and the unfortunate circumstances leading to his injuries, these facts do not rise to the level of a constitutional deprivation. Construing the amended complaint in the light most favorable to plaintiff, and granting plaintiff all reasonable inferences from those facts, the Court finds that plaintiff has failed to allege a claim for a Fifth Amendment substantive due process violation. Accordingly, the Court will **DISMISS** Count II of the amended complaint against the District and Officer Scott for failure to state a claim.

### B. Count VI: § 1983 Claim Against the District

In Count VI, plaintiff claims that the District's negligent hiring, training, and supervision of Officer Scott violated his constitutional rights. Am. Compl., [Dkt. #17], ¶¶ 67-72. Plaintiff seeks to hold the District liable for money damages under 42 U.S.C. § 1983 for the injuries and loss of wages he

---

unless accompanied by sufficient factual matter to state a plausible claim to relief. *Iqbal*, 556 U.S. at 678 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.") Accordingly, the Court declines to convert defendant's Motion to Dismiss into a motion for summary judgment.

suffered as a result of the incident on January 5, 2012. *Id.* ¶ 74.

To state a claim under § 1983, plaintiff must plead facts sufficient to allege (1) that a right secured by the Constitution was violated, and (2) that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, because municipalities are liable for their agents' constitutional torts only if the agents acted pursuant to municipal policy or custom, *Monell*, 436 U.S. at 694, plaintiff must also allege "causation – specifically, a § 1983 plaintiff must plead facts to support an inference that some official government policy or custom caused an employee to violate another's constitutional rights." *Blue v. Dist. of Columbia*, 850 F. Supp. 2d 16, 24 (D.D.C. 2012) (citing *Monell*, 436 U.S. at 692) (internal quotation marks omitted).

The Court finds that plaintiff has failed to plead a predicate constitutional violation necessary for a § 1983 claim. As already discussed in connection with Count II of plaintiff's amended complaint, plaintiff has failed to state a claim that his substantive due process rights were violated as a result of the injuries he sustained while being transported in a police vehicle containing no seatbelts or restraints. "A claim of inadequate training, supervision and policies under 1983 cannot

be made out against a supervisory authority absent a finding of a constitutional violation by the person supervised." *Webber v. Mefford*, 43 F.3d 1340, 1344-45 (10th Cir. 1994) (citing, e.g., *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992); *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986)).

Moreover, the Court finds that plaintiff failed to state a claim that the District was deliberately indifferent to the risk of constitutional violations. Under the "deliberate indifference" theory of municipal liability, which plaintiff relies on to support his § 1983 claim against the District, *see* Am. Compl., [Dkt #17], ¶¶ 70-72, plaintiff must establish that the city adopted a "policy of inaction" when "faced with actual or constructive knowledge that its agents will probably violate constitutional rights." *Warren v. Dist. of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004). Because plaintiff has not pled that the District's agents violated his constitutional rights or are likely to violate anyone else's, plaintiff's emphasis on the "deliberate indifference" theory cannot save his § 1983 claim. Accordingly, the Court will **DISMISS** Count VI of the amended complaint against the District for failure to state a claim.

C.  **Supplemental Jurisdiction**

Upon dismissal of Counts II and VI, the Amended Complaint contains no further federal cause of action over which this

Court has original subject matter jurisdiction.[4] "Whether to retain jurisdiction over pendant . . . claims after dismissal of the federal claims is a matter left to the sound discretion of the district court." *Ali Shafi v. Palestinian Auth.*, 642 F.3d 1088 (D.C. Cir. 2011).

The factors enumerated in 28 U.S.C. § 1367(c) – judicial economy, convenience, fairness, and comity - guide the Court's discretion in determining whether to dismiss state law claims. *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 424 n.4 (D.C. Cir. 2005). In this case, the factors point toward declining to exercise supplemental jurisdiction. Mr. Fouch originally filed this case in the Superior Court of the District of Columbia; once it was removed to this Court the defendants immediately moved to dismiss. This Court has not invested significant time or resources on the state law claims, and considerations of comity and efficiency weigh in favor of allowing District of Columbia courts to make determinations about District of Columbia law. Accordingly, the Court will decline to exercise supplemental jurisdiction and remand the remaining state law claims to the Superior Court for the District of Columbia.

---

[4] Diversity jurisdiction is not available because one of the defendants is the District of Columbia, which, like the fifty states, is not subject to diversity jurisdiction. *Long v. Dist. of Columbia*, 820 F.2d 409, 413-14 (D.C. Cir. 1987).

**IV. CONCLUSION**

For the foregoing reasons, Counts II and VI of plaintiff's amended complaint are **DISMISSED**. In the absence of a federal claim against defendants, the Court, in its discretion, declines to exercise supplemental jurisdiction over plaintiff's remaining claims pursuant to 28 U.S.C. § 1367(c). Accordingly, defendants' motion to remand is **GRANTED** and this case is **REMANDED** to the Superior Court of the District of Columbia. An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**January 8, 2014**